UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**DEBBIE DELOTTA,**

    Plaintiff,

v.

**SOUTH BROWARD HOSPITAL DISTRICT,**
d/b/a Memorial Healthcare System,

    Defendant.

## COMPLAINT

COMES NOW, Plaintiff, DEBBIE DELOTTA (hereinafter as "Plaintiff"), by and through the undersigned counsel, hereby brings this action against Defendant, SOUTH BROWARD HOSPITAL DISTRICT, d/b/a Memorial Healthcare System, (hereinafter as "Defendant"), for violations under, inter alia, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111, the Florida Civil Rights Act of 1992 ("FRCA"), and the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. § 1331, this being a suit under the ADA and COBRA. Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida pursuant to 28 U.S.C. § 1367.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the alleged violations herein took place in Broward County, Florida, and the Defendant is a Florida corporation who transacts business in Broward County, Florida, and the alleged violations that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, DEBBIE DELOTTA, is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendant on or about April 2001 and worked for Defendant as an "Administrative Assistant" until approximately July 2019.

4. Defendant is a corporation formed and existing under the laws of the State of Florida, with more than twenty (20) employees at all time relevant. Defendant is further the sponsor of Defendant's employee welfare plan (the "Plan") within the meaning of 29 U.S.C. § 1163(2).

5. Plaintiff alleges that Defendant has discriminated against her because of her disability, for seeking accomodation under the ADA, for taking FMLA leave intermittently, and for filing an Inquiry Informamtion with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination under the ADA.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff has exhausted her administrative remedies. On June 27, 2019, Plaintiff duly filed a Charge of Discrimination with the EEOC.

7. On September 11, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

8. This action is commenced within ninety (90) of receipt of the Notice of Rights conferring jurisdiction on this Court.

**ALLEGATIONS**

9. Plaintiff was employed by Defendant from approximately April 2001 to approximately July 2019, as an "Administrative Assistant", most recently working with Defendant's Administrative Director of Regulatory Affairs, Barbara Bruce ("Ms. Bruce"), amongst others.

10. Plaintiff's work was primarily computer-based, which was able to be fully and successfully performed from any location in which Plaintiff had access to the internet, including Plaintiff's home.

11. Plaintiff had worked without supervision under Ms. Bruce and successfully met her deadlines.

12. Plaintiff would often not see Ms. Bruce for weeks at a time, with Plaintiff and Ms. Bruce communicating through email or by phone without issue.

13. In approximately the summer of 2018, Plaintiff began to suffer from debilitating migraine headaches.

14. Plaintiff's migraine headaches condition continued to worsen thereafter.

15. Plaintiff was thereafter diagnosed with chronic migraine headaches which affected Plaintiff on a daily basis.

16. Plaintiff would experience severe pain, distorted vision, dizziness, light sensitivity, and nausea, on a daily basis, due to her chronic condition.

17. Driving a vehicle was Plaintiff's biggest trigger for migraine headaches and exacerbated the

symptoms.

18. Plaintiff took daily medication to alleviate the symptoms of the chronic migraine headaches, however, said medication caused sedation and dizziness, and, as such, Plaintiff was advised by her doctor to avoid driving a vehicle when she took same.

19. Plaintiff's condition was obvious to anyone who interacted with Plaintiff.

20. Thereafter, Plaintiff was forced to apply for an accommodation under the ADA.

21. Defendant granted Plaintiff's accommodation under the ADA to work from home four (4) days per week and to work in the office one (1) day per week.

22. Said accommodation greatly reduced the amount of time Plaintiff had to drive a vehicle during the work week, which allowed Plaintiff to perform the duties of her position fully and successfully.

23. Despite the accommodation, Plaintiff still made sure that she routinely worked from the office two (2) days per week, with one of those days usually being a Saturday.

24. Under this accommodation, Plaintiff was fully and successfully able to perform the duties of her position.

25. Despite the above, on March 6, 2019, Plaintiff was called to appear for a meeting at the corporate offices and was berated for a period of approximately forty (40) minutes, by Defendant's Senior Vice President, Maggie Hansen ("Ms. Hansen").

26. At the March 6, 2019 meeting, Ms. Hansen stated that "nobody works from home" and that Plaintiff would be assigned to a different director, with the requirement that Plaintiff drive between facilities daily for face-to-face contact, among other things, which was in retaliation to Plaintiff seeking ongoing ADA accommodation.

27. When Plaintiff reminded Ms. Hansen that she was on approved ADA accommodation, and that such a move was potentially in violation of the ADA, Ms. Hansen responded that she did not "care about the laws" and the meeting quickly concluded.

28. Plaintiff thereafter filed an Inquiry Information with the EEOC on March 11, 2019, regarding Defendant's actions.

29. Defendant became aware of Plaintiff's filing of the Inquiry Information soon thereafter, and inadvertently copied Plaintiff on an email on March 26, 2019, in which Defendant's Human Resources Department (HR) was directed to open a legal file, in Plaintiff's name, on the shared drive.

30. Soon thereafter, Defendant began retaliated against Plaintiff for the filing of the Inquiry Information and for asserting her rights under the ADA.

31. Such retaliation included, but is not limited to: (1) Defendant locking Plaintiff's access to the employee online portal; (2) refusal to permit Plaintiff to transfer her 401(k) savings account without any reason provided despite requests for same from Plaintiff; (3) intentionally re-assigning Plaintiff to a new position that required additional driving and more time in the office contrary to Plaintiff's ADA accommodation; and (4) and was advised that Plaintiff was being placed on involuntary and uncertified unpaid leave under the Fair Medical Leave Act (FMLA) despite Plaintiff fully able to perform the duties of her position under Ms. Bruce.

32. Due to Defendant's actions, Plaintiff was severely damaged, including losing her salary, and the ability to afford the expensive daily medication that was necessary to help mitigate the affects of her chronic migraine headaches.

33. Prior to the March 6, 2019 meeting, Plaintiff had never been written-up by Defendant, or

provided any warnings of any kind, concerning her job performance or otherwise, including during the period of time that Plaintiff was working under an ADA accommodation.

34. Defendant requested new or updated medical documentation to prove Plaintiff's disability approximately eight (8) times in nine (9) months, despite Plaintiff's condition already being known to Defendant, that the condition was not temporary, and that the condition was further obvious to anyone who interacted with Plaintiff face-to-face, in violation of the disability-related inquiry rules under the ADA.

35. Upon termination of the employment relationship between the Parties, Defendant, as the employee welfare plan sponsor of Defendant's health plan (the "Plan"), failed to provide adequate notice of Plaintiff's rights under COBRA.

## COUNT I – DISABILITY DISCRIMINATION UNDER THE ADA

36. Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 35 of this Complaint.

37. At all times material hereto, Defendant was a "covered employer", as defined by the ADA.

38. At all times material hereto, Plaintiff was a "covered employee", as defined by the ADA.

39. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff by withdrawing an ADA accommodation to Plaintiff and failing to provide proper ADA accommodation to Plaintiff.

40. Defendant knowingly and willfully discriminated against Plaintiff in violation of the ADA.

41. As a result of Defendant's violations of the ADA, Plaintiff has been damaged. Plaintiff lost her job and her salary, lost the ability to afford her expensive daily medication needed for her

chronic migraine headaches, her reputation was damaged which caused humiliation and emotional and physical anguish, has caused depression.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

i. Lost wages/back pay;

ii. Reinstatement or, alternatively, payment of front pay in lieu of reinstatement;

iii. Payment for any lost benefits;

iv. Compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

v. Punitive damages for the malicious and reckless conduct described above, in an amount to be determined at trial;

vi. Prejudgment interest;

vii. Costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 12205; and for

viii. Any other relief that the Court deems appropriate.

## COUNT II – DISABILITY RETALIATION

42. Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 35 of this Complaint.

43. By the conduct described above, Defendant has engaged in unlawful employment practices and retaliated against Plaintiff by illegally taking adverse employment actions have she filed

an Information Inquiry with the EEOC, alleging violations under the ADA, including, but not limited to: locking Plaintiff's access to the employee online portal, refusal to permit Plaintiff to transfer her 401(k) savings account without any reason provided, and was advised that Plaintiff was being placed on involuntary unpaid leave under the FMLA despite fully being able to perform the duties of her position under Ms. Bruce.

44. Defendant knowingly and willfully retaliated against Plaintiff in violation of the ADA.

45. As a result of Defendant's violations of the ADA, Plaintiff has been damaged. Plaintiff lost her job and her salary, lost the ability to afford her expensive daily medication needed for her chronic migraine headaches, her reputation was damaged which caused humiliation and emotional and physical anguish, has caused depression.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

  i. Lost wages/back pay;
  ii. Reinstatement or, alternatively, payment of front pay in lieu of reinstatement;
  iii. Payment for any lost benefits;
  iv. Compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;
  v. Punitive damages for the malicious and reckless conduct described above, in an amount to be determined at trial;
  vi. Prejudgment interest;

    vii.    Costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 12205; and for

    viii.    Any other relief that the Court deems appropriate.

## COUNT III – DISABILITY DISCRIMINATION UNDER FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760

46.    Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 35 of this Complaint.

47.    The above actions by Defendant constitute a violation of Florida Statutes, Chapter 760 for discrimination.

48.    As a result of Defendant's violations of the FRCA, Plaintiff has been damaged.  Plaintiff lost her job and her salary, lost the ability to afford her expensive daily medication needed for her chronic migraine headaches, her reputation was damaged which caused humiliation and emotional and physical anguish, has caused depression.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

    i.    Lost wages/back pay;

    ii.    Reinstatement or, alternatively, payment of front pay in lieu of reinstatement;

    iii.    Payment for any lost benefits;

    iv.    Compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

    v.        Punitive damages for the malicious and reckless conduct described above, in an amount to be determined at trial;

    vi.       Prejudgment interest;

    vii.      Costs and reasonable attorneys' fees; and for

    viii.     Any other relief that the Court deems appropriate.

### **COUNT IV – DISABILITY RETALIATION UNDER FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760**

49.    Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 35 of this Complaint.

50.    The above actions by Defendant constitute a violation of Florida Statutes, Chapter 760 for discrimination.

51.    By the conduct described above, Defendant has engaged in unlawful employment practices and retaliated against Plaintiff by illegally taking adverse employment actions have she filed an Information Inquiry with the EEOC, alleging violations under the FRCA, including, but not limited to: locking Plaintiff's access to the employee online portal, refusal to permit Plaintiff to transfer her 401(k) savings account without any reason provided, and was advised that Plaintiff was being placed on involuntary unpaid leave under the FMLA despite fully being able to perform the duties of her position under Ms. Bruce.

52.    As a result of Defendant's violations of the FRCA, Plaintiff has been damaged.  Plaintiff lost her job and her salary, lost the ability to afford her expensive daily medication needed for her chronic migraine headaches, her reputation was damaged which caused humiliation and

emotional and physical anguish, has caused depression.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

    i. Lost wages/back pay;

    ii. Reinstatement or, alternatively, payment of front pay in lieu of reinstatement;

    iii. Payment for any lost benefits;

    iv. Compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

    v. Punitive damages for the malicious and reckless conduct described above, in an amount to be determined at trial;

    vi. Prejudgment interest;

    vii. Costs and reasonable attorneys' fees; and for

    viii. Any other relief that the Court deems appropriate.

## COUNT V – COBRA

53. Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 35 of this Complaint.

54. Defendant's Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

55. Defendant is the sponsor and administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

56. Plaintiff experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that Plaintiff had experienced such a qualifying event.

57. Despite same, Defendant failed to provide Plaintiff with adequate notice of Plaintiff's rights under COBRA.

58. To date, Defendant has not provided Plaintiff with any notice of Plaintiff's rights under COBRA.

59. The violation was material and willful.

60. Due to Defendant's violations of COBRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

   i. Issuing proper notice to Plaintiff at Defendant's expense;

   ii. Compensate Plaintiff for any out of pocket expenses caused by Defendant's violation;

   iii. Awarding statutory penalties to Plaintiff pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day;

   iv. Awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

   v. Granting such other and further relief, in law or equity, as this Court deems appropriate;

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED:  November 22, 2019

        Respectfully submitted,

        MILITZOK LAW, P.A.
        *Attorney for Plaintiff*
        Wells Fargo Building
        4600 Sheridan Street, Suite 402
        Hollywood, Florida 33021
        (954) 780-8228 - Telephone
        (954) 719-4016– Facsimile
        bjm@militzoklaw.com

        By: /s/ Brian Militzok
        BRIAN J. MILITZOK, ESQ
        Fla. Bar No.: 0069993