UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62905-SINGHAL/VALLE

DEBBIE DELOTTA,

    Plaintiff,

v.

SOUTH BROWARD
HOSPITAL DISTRICT d/b/a
MEMORIAL HEALTHCARE
SYSTEM,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant South Broward Hospital District's Motion for Bill of Costs (the "Motion") (ECF No. 79). United States District Judge Raag Singhal has referred the Motion to the undersigned for appropriate disposition. *See* (ECF No. 88 at 1). Accordingly, having reviewed the Motion, Plaintiff's Response (ECF No. 85), Defendant's Reply (ECF No. 86), and being fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED IN PART AND DENIED IN PART** and that Defendant be awarded **$4,950.96** in costs.

### I.    BACKGROUND

In November 2019, Plaintiff Debbie Delotta filed a Complaint against Defendant, her former employer, alleging violations of the Americans with Disabilities Act, the Florida Civil Rights Act, and the Consolidated Omnibus Budget Reconciliation Act. *See generally* (ECF No. 1). In February 2022, the Court granted Defendant's Motion for Summary Judgment and entered Final Judgment in favor of Defendant. (ECF Nos. 77, 78). The instant Motion followed.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-CV-61514, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The items that may be taxed as costs under § 1920 include: (i) fees of the clerk and marshal; (ii) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (iii) fees and disbursements for printing and witnesses; (iv) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (v) docket fees under § 1923 of this title; and (vi) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title. 28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Nonetheless, the

prevailing party must submit a request for costs that allows the Court to determine what costs were incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10-CV-61606, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (citation omitted); *see also* S.D. Fla. L.R. 7.3(c) (noting "[t]he bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum.").

The Court has the discretion to award those costs specifically enumerated in § 1920, but the Court may not tax as costs any items not authorized by the statute. *See, e.g.*, *Crawford*, 482 U.S. at 441-42. Lastly, although the Court has discretion in determining whether to award costs to a prevailing party, the Court must give a reason for denying costs. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

### III. DISCUSSION

Defendant is the prevailing party in the litigation. *See* (ECF No. 78 at 1). As the prevailing party, Defendant seeks to recover $6,864.81 in costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 for: (i) service of subpoenas ($1,314); (ii) court reporter fees and deposition transcripts ($4,365.60); and (iii) copies of materials necessarily obtained for use in the case ($1,185.21). (ECF No. 79 at 3). Plaintiff opposes an award of costs based solely on her inability to pay. *See* (ECF No. 85-1).

Although Plaintiff's financial condition is a factor that the Court may consider, it is not determinative of whether costs should be awarded to the prevailing party pursuant to Rule 54(d). *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (noting that in awarding costs, a court should not consider the relative wealth of the parties). Rather, a party seeking to avoid paying costs must present a sound basis and substantial documentation of a true inability to pay. *See, e.g.*, *Morris v. Precoat Metals*, No. 11-CV-0053-SLB, 2013 WL 830868, at *7 (N.D. Ala. Mar. 4, 2013)

(noting that substantial documentation includes more than "self-serving statements that [one] is unable to pay the costs sought.") (citations omitted). Here, Plaintiff has not provided any evidence to substantiate her alleged inability to pay. Plaintiffs' conclusory statements are insufficient to overcome the presumption in favor of an award of costs. Accordingly, the undersigned finds that Defendant is entitled to costs as a prevailing party, and will next consider whether Defendant's costs are recoverable.

### A. Fees of the Clerk and Marshal

Defendant seeks $1,314 for the service of 17 subpoenas. *See* (ECF No. 79 at 3-5); *see also* (ECF No. 79-2) (Defendant's supporting documentation). Although Plaintiff does not contest the costs of service of the subpoenas, the undersigned has an independent responsibility to ensure that the costs do not exceed those permitted by 28 U.S.C. § 1920. *Temurian v. Piccolo*, No. 18-CV-62737, 2021 WL 1520588, at *13 (S.D. Fla. Mar. 3, 2021). In relevant part, 28 U.S.C. § 1920(1) permits the court to award fees for private service of process, so long as these costs do not exceed the fees permitted by statute. *Id*; *Monelus*, 609 F. Supp. 2d at 1333; *see also Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-CV-22998, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019). The Court is also guided by the statutory limit set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour. *See Temurian*, 2021 WL 1520588, at *13; *Monelus*, 609 F. Supp. 2d at 1333. However, an award of costs greater than the statutory limit is permissible if warranted by the circumstances of the case and justified by the party seeking the costs. *See id.* at 1334.

Here, the cost of service for 11 of the 17 subpoenas is within the statutory limit set forth in 28 C.F.R. § 0.114. *See* (ECF No. 79-2 at 2, 5-9, 16-19, 22). As to the remaining six subpoenas, although the cost of service exceeds the statutory limit, Defendant provided supporting

4

documentation justifying the increased cost and attaching the invoice and the communication with the process server explaining the cost.[1]  *See* (ECF No. 79-2 at 3-4, 10-15, 20-21, 23-26). Accordingly, the undersigned recommends that Defendant be awarded $1,314 for the service of 17 subpoenas.

### B. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

Next, Defendant seeks $4,365.60 for costs associated with the deposition transcripts of three witnesses: Plaintiff, Barbara Bruce, and Yira Winter-Perez.  *See* (ECF No. 79 at 6-7); (ECF No. 79-3) (Defendant's supporting invoices).  Deposition costs are generally taxable if the depositions were "necessarily obtained for use in the case." *Temurian*, 2021 WL 1520588, at *14 (citing *U.S. EEOC v. W&O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)); *see also McDaniel v. Bradshaw*, No. 10-CV-81082, 2011 WL 6372788, at *2 (S.D. Fla. Dec. 20, 2011) ("in determining whether the cost of a particular deposition is taxable, 'the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case.'").  The deposition must appear to have been reasonably necessary at the time it was taken.  *See W&O*, 213 F.3d at 620-21.  Moreover, the Court has great latitude in determining whether a deposition was necessarily obtained for use in the case or was obtained for the convenience of the attorneys.  *See McDaniel*, 2011 WL 6372788, at *2.

Here, Defendant's Motion adequately summarizes each witnesses' role in the litigation and the relevance of their testimony.[2]  *See* (ECF No. 79 at 7).  Thus, based on record before the Court,

---

[1] Specifically, the subpoenas to Broward County Public Schools and Nova Southeastern University, Inc. required multiple attempts of service, and the subpoenas to I.M.T. Medical, Indeed, Taleo, and Ultimate Software required service outside of the Southern District of Florida. *See* (ECF No. 79-2 at 3-4, 10-15, 20-21, 23-26).

[2] Plaintiff's deposition was undeniably necessary for the case.  Moreover, Barbara Bruce was Plaintiff's former supervisor, and Yira Winter-Perez was the Human Resources representative who

Defendant's description of each witness' testimony and relevance to the action, and Plaintiff's failure to object to any of the deposition transcripts, the undersigned finds that the transcripts were necessarily obtained for use in the case. Indeed, a deposition may still have been necessarily obtained for use in the case even if the case ultimately did not go to trial and even if the transcript was not cited in a dispositive motion. *Hersh v. United States*, No. 17-CV-14212, 2020 WL 3089089, at *2 (S.D. Fla. May 26, 2020), *report and recommendation adopted*, No. 17-CV-14212, 2020 WL 3088963 (S.D. Fla. June 10, 2020). Thus, the undersigned finds that the costs of the deposition transcripts are taxable, as are associated and necessary court reporter attendance fees. *See Cotayo v. Fed. Express Corp.*, No. 20-CV-60919, 2022 WL 16716022, at *4 (S.D. Fla. Sept. 16, 2022) (finding court reporter appearance fees are properly taxable); *see also Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013).

Although the transcript costs and court reporter fees are recoverable, several additional and unexplained costs should be disallowed.[3] *See Cotayo*, 2022 WL 16716022, at *2-*3 (denying costs incurred for convenience and for extraneous charges where litigant failed to explain why they were taxable); *see also Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. Aug. 17, 2015). Accordingly, Defendant should be awarded $2,853 for the costs of the deposition transcripts.

---

assisted Plaintiff with her requests for accommodation. *See* (ECF No. 79 at 7). These were crucial witnesses in this action.

[3] For example, Defendant expedited Plaintiff's deposition transcript for counsel's convenience rather than necessity. *See* (ECF No. 79 at 7). Moreover, several other costs are unexplained. These costs total $1,512.60, as follows: (i) "2-Day Expedited Transcript" ($1,120.50); (ii) "Litigation Support Package" ($15+$15); (iii) "Processing & Handling" ($10+$10); (iv) "Exhibits" ($6.75+$13.60+$1.75); (v) "LEF File" ($190); (vi) "Processing Fee" ($40); and (vii) "Full Day Per Diem" ($90). *See* (ECF No. 79-3 at 3-5). These costs should be excluded.

### C. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case

Lastly, Defendant seeks $1,185.21 for copying charges associated with obtaining copies of: (i) records from the Florida Department of Economic Opportunity ($77.50); (ii) records from I.M.T. Inc. ($50); and (iii) electronic images of Plaintiff's text messages with Barbara Bruce ($1,057.71). *See* (ECF No. 79 at 8-9); *see also* (ECF No. 79-4) (Defendant's supporting invoices).

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). The prevailing party cannot make unsubstantiated claims that copies of the documents were necessary. *Quality of Life, Corp. v. City of Margate*, No. 17-CV-61894, 2020 WL 8812832, at *10 (S.D. Fla. Dec. 9, 2020); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (denying photocopying charges where party provided no explanation for copies); *Arnold v. Heritage Enters. of St. Lucie, LLC*, No. 13-14447-CIV, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, No. 13-14447-CIV, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (amount claimed for exemplification and copies reduced for failing to demonstrate that copies were necessary). Rather, the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Quality of Life, Corp.*, 2020 WL 8812832, at *10 (quoting *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994)); *see also Monelus*, 609 F. Supp. 2d at 1335. The prevailing party also bears the burden of submitting a request for expenses that enables the Court to determine what expenses were incurred and whether the party is entitled to them. *Compare Monelus*, 609 F. Supp. 2d at 1335-36 (recommending an award for copying costs where defendant provided detail and explanation for

the copies made), *with Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying charges where the court had no way of knowing whether the photocopying rates were reasonable or even whether they were related to the action).

As to the copies of records obtained from the Florida Department of Economic Opportunity and I.M.T. Inc., Defendant argues that these copies were necessarily obtained for use toward its mitigation defense, and provided the underlying invoices for these copies. *See* (ECF Nos. 79 at 8-9, 79-4 at 2-3). Based on Defendant's explanation, the undersigned finds that these copies were necessarily obtained for use in the case and are taxable. *See Quality of Life, Corp.*, 2020 WL 8812832, at *11. However, the labor costs associated with the copies from Florida Department of Economic Opportunity are not recoverable under § 1920(4). *See Ramones v. AR Res. Inc.*, No. 19-CV-62949, 2022 WL 1443062, at *7 (S.D. Fla. May 6, 2022) (finding labor costs not taxable under § 1920(4)). Accordingly, Defendant should be awarded $95 for the cost of the copies, excluding $32.50 in extraneous labor charges.

As to the electronic images of Plaintiff's text messages with Barbara Bruce, Defendant argues that these copies were necessarily obtained for use toward its accommodation defense. *See* (ECF No. 79 at 9). The undersigned accepts Defendant's representation that these copies were necessarily obtained for use in the case and are taxable ($688.96). Nonetheless, only the cost of creating the images is recoverable, not any preparatory or ancillary costs associated with duplication. *See Alexsam, Inc.*, 2019 WL 2245420, at *7 (finding only the costs of creating the copies to be recoverable under § 1920(4)). These unexplained costs should be disallowed.[4] *See Katz*, 127 F. Supp. 3d at 1293.

---

[4] Total unexplained costs are $368.75, described as: (i) "Site time for onsite collection of EMT-00006816 (iPhone)" ($221.25); (ii) "Prepared report from EMT-00006816 with the requested text message data between the requested parties (GS)" ($147.50). *See* (ECF No. 79-4 at 4).

8

In total, the undersigned recommends that Defendant be awarded $783.96 for the costs of copies necessarily obtained for use in the case.

For the reasons set forth above, the undersigned respectfully recommends that Defendant's Motion for Bill of Costs (ECF No. 79) be **GRANTED IN PART AND DENIED IN PART**, as set forth below.  Specifically, Defendant should be awarded total costs of **$4,950.96**, consisting of:

(i) $1,314 in Fees of the Clerk and Marshal;

(ii) $2,853 in Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case; and

(iii) $783.96 in Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case.

Within **fourteen days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on February 16, 2023.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
All Counsel of record